**Hubert FERRIER, Appellant
(Petitioner below),**

v.

**STATE of Indiana, Appellee
(Respondent below).**

No. 778 S 128.

Supreme Court of Indiana.

Feb. 2, 1979.

Harriette Bailey Conn, Public Defender of Indiana, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Hubert Ferrier, petitioner, appeals from the summary denial of his petition for post-conviction relief. His conviction on a first-degree murder charge was affirmed by this Court in *Ferrier v. State,* (1977) Ind., 361

N.E.2d 150. In this appeal, the petitioner raises two issues for our review:

1. Did the trial court err in summarily denying, without an evidentiary hearing, the petitioner's *pro se* petition for post-conviction relief?

2. Did the trial court err in failing to appoint counsel to represent petitioner in his post-conviction relief proceedings?

In his petition for post-conviction relief, filed *pro se* on January 23, 1978, petitioner raised three issues: denial of a fair trial, ineffective assistance of counsel, and prosecutorial misconduct. He also expressly requested representation by the Indiana State Public Defender, and he supported his request by a properly notarized and executed affidavit of indigency. The trial court ordered the state to respond but did not forward a copy of the petition to the State Public Defender. The state filed its answer to the petition on February 2, 1978, but no copy of the answer was served on the State Public Defender.

## I.

■ First, the petitioner argues that the trial court erred in summarily denying, without an evidentiary hearing, his petition for post-conviction relief. Ind.R.P.C. 1, § 4(e) provides:

"If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

Ind.R.P.C. 1, § 4(f) adds:

"The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. *If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.*" (Emphasis added.)

Although the state, in its answer to the petition, argued that the issues of denial of a fair trial and prosecutorial misconduct were waived by the petitioner when he failed to pursue those issues in his direct appeal, the issue of ineffective assistance of counsel was addressed by the state on its merits. *See Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538, especially at footnote 2. Specific instances of lack of diligence on the part of trial counsel were alleged in the petition which raise material factual issues requiring an evidentiary hearing. *Paneitz v. State*, (1974) 262 Ind. 473, 318 N.E.2d 353. A hearing is required under Ind.R.P.C. 1, § 4(f) even though the likelihood that the petitioner will produce evidence sufficient to establish his claim appears to be quite remote. *Frazier v. State*, (1975) 263 Ind. 614, 335 N.E.2d 623. The trial court did err in summarily denying the petition for post-conviction relief.

## II.

■ An additional reason for reversal and remand is present in this case. The trial judge failed to provide counsel for the petitioner. It is undisputed that the petitioner expressly requested the aid of the Indiana State Public Defender; it is also undisputed that the petitioner properly supported his request with proof of indigency. Ind.R.P.C. 1, § 2 is clear.

"If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it *shall* allow petitioner to proceed in forma pauperis and *order a copy of the petition sent to the Public Defender's Office.*" (Emphasis added.)

Ind.R.P.C. 1, § 9 then provides that the public defender shall serve as counsel for petitioner, representing him in all proceedings under the rule:

"Counsel shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition."

The trial court erred in denying the petitioner assistance of counsel during the post-conviction proceedings.

This cause is reversed and remanded to the trial court for an evidentiary hearing upon the issue of attorney competency and upon any other issue which the State Public Defender determines should have been included by petitioner in his original petition.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.