Leonard 'BAILEY, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee (Respondent Below).

No. 982S356.

Supreme Court of Indiana.

April 27, 1983.

Susan K. Carpenter, Public Defender of Ind., Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Leonard Bailey, is before this Court appealing from the summary denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of robbery, a Class A felony, and sentenced to fifty years' imprisonment. His conviction was affirmed by this Court at *Bailey v. State* (1980) Ind., 412 N.E.2d 56. He now raises the single issue of whether the trial court erred in granting summary disposition of the Petition for Post-Conviction Relief on the basis of waiver.

A summary of the facts relevant to this issue shows that petitioner robbed Thomas Ott at knife point and then attempted to flee. Ott and a friend, Thomas Guyden, pursued Bailey. Guyden and the petitioner struggled and Bailey cut Guyden on the hand and arm. On direct appeal to this Court, petitioner argued *inter alia* that there was insufficient evidence to prove the injury to Guyden was a result of the robbery. The Court affirmed the conviction, November 6, 1980.

Petitioner filed his *pro se* Petition for Post-Conviction Relief on March 24, 1982, alleging that there was insufficient evidence to support a Class A felony because the non-victim of the robbery did not receive serious bodily injury. Petitioner relies on *Hill v. State* (1981) Ind., 424 N.E.2d 999, and *Clay v. State,* (1981) Ind., 416 N.E.2d 842. Both cases were decided after petitioner's direct appeal on the merits and clarified the elements of a Class A felony for robbery. In *Clay, supra* at 844, this Court held that:

"The Legislature intended to make robbery a class A felony in two situations: (1) when bodily injury resulted to the

person being robbed, and (2) when serious bodily injury resulted to any other person."

Petitioner alleges that the jury was not instructed on the element of serious bodily injury and, therefore, no finding was made on a material element of the offense, resulting in fundamental error.

The trial court scheduled a hearing for April 28, 1982. On April 13, however, the state filed its Answer and a Motion for Summary Disposition raising the affirmative defense that the petitioner had waived the alleged error by failing to raise it in his direct appeal. Petitioner's counsel, a public defender, requested a continuance April 15, in order to consult with the petitioner and to review the trial transcript to determine all available grounds for relief. On April 21, the trial court denied the petitioner's motion for a continuance and granted the state's motion for summary disposition. The court entered findings of fact and conclusions of law denying the petition May 13, 1982. The trial court found that petitioner's alleged error had been available to the petitioner when he appealed his case on the merits. Taking judicial notice of the appellate decision, the court also found that the petitioner had raised a sufficiency of the evidence argument on appeal, but in a different context. The court found that the petitioner had not raised a genuine issue of material fact and concluded that the alleged error had been waived and that the state was entitled to judgment as a matter of law.

 In summarily denying the petition, the trial court relied on Indiana Rules for Post-Conviction Relief, which allow a court to deny a petition without further proceedings if "the pleadings *conclusively* show that petitioner is entitled to no relief ....." Ind.R.P.C. 1, § 4(e) (emphasis added). Section 4(f) provides:

"The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible."

Petitioner argues that waiver itself is a question of fact and that the summary disposition precluded petitioner's counsel from adequately preparing the case and from amending the petition. Because sufficiency of the evidence may be raised in an appeal on the merits, it is normally not within the scope of post-conviction relief. *Brown v. State,* (1974) 261 Ind. 619, 308 N.E.2d 699. However, whether an issue has been waived can be a question of fact. *Frazier v. State,* (1975) 263 Ind. 614, 335 N.E.2d 623; *Langley; Richardson v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538; *Haynes v. State,* (1982) Ind.App., 436 N.E.2d 874. Here there was a genuine issue of material fact whether petitioner had waived the issue in his petition. Since petitioner's conviction and appeal we have clarified the elements of when robbery becomes a Class A felony. Whether this clarification in the law would be sufficient to overcome the state's affirmative defense of waiver did raise a factual issue. An evidentiary hearing is required when issues of fact are raised even if it is unlikely the petitioner will produce evidence sufficient to establish his claim. *Ferrier v. State,* (1979) 270 Ind. 279, 385 N.E.2d 422; *Frazier v. State, supra.* Therefore, it was error for the trial court to grant summary disposition.

An additional consideration in this case is the brief period of time the petitioner's attorney had to review the record and amend the petition if necessary. Because the trial court denied the petitioner's request for continuance, the public defender had less than a month to consult with the petitioner and review the record before summary disposition was granted.

 The grant or denial of a continuance not based on statutory grounds is within the trial court's discretion. To overturn the court's ruling it must be shown

that the denial prejudiced the petitioner. *Dorton v. State,* (1981) Ind., 419 N.E.2d 1289; *White v. State,* (1975) 263 Ind. 302, 330 N.E.2d 84. Here the petitioner filed a *pro se* petition. Under Ind.R.P.C. 1, § 2, the court is required, upon finding the petitioner indigent, to forward a copy of the petition to the Public Defender's Office. This the trial court did. However, Ind.R. P.C. 1, § 9, also provides that the Public Defender will serve as counsel and "shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition." *Id.* As petitioner points out, he was in Michigan City, making an immediate conference between himself and his counsel impossible. His counsel also needed adequate time to review the record and determine if amendment of the petition was necessary. Under Ind.R.P.C. 1, § 8, a petitioner must raise all available grounds for relief in his original petition. By being denied adequate time to amend the petition, the petitioner may be prejudiced if he files subsequent post-conviction petitions. Thus in the case at hand, the denial of the petitioner's motion for a continuance did prejudice petitioner.

The trial court erred in summarily denying the Petition for Post-Conviction Relief because there was a factual issue requiring an evidentiary hearing. Furthermore, the petitioner was prejudiced because his counsel was denied adequate time to review the record and to amend the petition. Therefore, this cause is reversed and remanded to the trial court for an evidentiary hearing on the issue of waiver and upon any other issue which the state Public Defender determines should have been included by petitioner in his original petition.

Reversed and remanded.

DeBRULER and PRENTICE, JJ., concur.

GIVAN, C.J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case.

The question of the sufficiency of the evidence to support a Class A felony was a question to be presented in the original appeal; by law it is not a proper subject matter for presentation in a post-conviction relief hearing. *Brown v. State,* (1974) 261 Ind. 619, 308 N.E.2d 699. There was no factual matter to be determined by the trial court.

I see absolutely no reason to reverse this case because of the failure to grant a continuance.

I would, therefore, affirm the trial court.

PIVARNIK, J., concurs.