James Rufus HOLLINESS, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S386.

Supreme Court of Indiana.

Aug. 25, 1986.

Susan K. Carpenter, Public Defender of Indiana, Linda Rodriguez-Torrent, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner James R. Holliness petitions for rehearing pursuant to App.R. 11(A), claiming this Court's opinion, 494 N.E.2d 305, is erroneous in that it: 1) affirmed the trial court's *sua sponte* summary denial of Holliness' *pro se* petition for post-conviction relief sixty-one days after counsel entered an appearance, which deprived Holliness of due process of law as he was without notice that his *pro se* petition was subject to summary denial prior to amendment by counsel; 2) denied Petitioner his right to the effective assistance of post-conviction counsel as counsel had no notice that an amendment to the petition was required to be filed within sixty-one days; and 3) abrogated the right to post-conviction counsel and to post-conviction relief in general, in contravention of Ind.R.P.C. 1 §§ 1, 4, and 9, since it denied him the opportunity to present all trial errors as a basis for relief.

Also filed in support of this Petition is a brief by the Public Defender of Indiana as *Amicus Curiae.* The Public Defender points out that the opinion can be read to create a presumption that sixty days is an adequate period for investigation and amendment, if necessary, of a *pro se* petition, and if the opinion is so read, it will place unreasonable burdens on indigent defendants and the Public Defender's office to meet such requirements, because of the extremely large number of cases handled by that office. The Public Defender points out that *pro se* filings of post-conviction relief result in appearances being entered and files being opened immediately. There also are those who request assistance but do not file *pro se* petitions and are on a waiting list.

Cases after trial and appeal, like Petitioner's case here, require a great deal of time since the client must be interviewed, his appellate record read, his trial and appellate attorneys interviewed, and all matters of legal and factual manner investigated before a decision can be made as to amend-

ment of his petition. The permitting of a summary dismissal therefore, particularly within such a limited period as sixty days, is unreasonable. The petition and brief of the Public Defender is very well reasoned, eloquently presented, and supported by facts and statistics that bear recognition. In our original opinion, the majority presumed that when the original petition was filed by Petitioner *pro se* and remained unamended for a period of sixty-one days, that no additional amendments were contemplated, and it was reasonable for the trial court to act on the allegations contained in the original petition. The reality of the situation brought to light by the petition and the facts and circumstances pointed out by the Public Defender require our re-examination.

In his dissenting opinion, Justice DeBruler pointed out that §§ 2, 3, and 4, of Ind.R.P.C. 1 provide respectively for the automatic referral of *pro se* petitions to the Public Defender, incorporation in the petition of a statement of fact under oath that all grounds for relief known to the petitioner have been included, and the grant of leave to amend the petition at least once as a matter of right. Justice DeBruler further pointed out that the purpose of these provisions is to afford at least one post-conviction petition to prisoners having claims, and to make that one as fully developed and complete as is reasonably and humanly possible. We therefore grant rehearing and reverse the judgment of the trial court and hold the proper procedure to be that dismissal after the Public Defender has made an appearance on behalf of the *pro se* petitioner and before an amended petition has been filed, can be made only after an order to show cause why the petition should not be dismissed pursuant to T.R. 41(E). This cause is accordingly remanded to the trial court, with orders to set aside its judgment of dismissal and proceed consistent with the above holding.

GIVAN, C.J., DeBRULER, SHEPARD and DICKSON, JJ., concur.