**Ed ALLEN, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 185S33.

Supreme Court of Indiana.

Oct. 27, 1986.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Petitioner Ed Allen was initially charged with theft and forgery in cause number 6625 and armed robbery, burglary, and confinement in cause number 6631. Pursuant to a plea bargain, Allen pleaded guilty in 1982 to armed robbery and forgery and received consecutive sentences of twenty years and five years, respectively. The remaining charges were dismissed by the State.

In this appeal from denial of post-conviction relief, Allen argues that his pleas were not entered voluntarily and intelligently because the trial court did not advise him that prior convictions could result in the imposition of an increased sentence, as required by Ind.Code § 35-4.1-1-3 (later repealed, now Ind. Code § 35-35-1-2). Petitioner also alleges that counsel was ineffective for failing to request a change of venue and failing to assert the defense of intoxication.

As petitioner, Allen had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind. Rules of Procedure for Post-Conviction Remedies.

Evidence that the trial judge failed to give one of the statutory advisements does not sustain appellant's burden. Petitioner must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. To prevail on appeal from denial of post-conviction relief, Allen must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by

the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

At the guilty plea hearing the trial judge discussed with Allen the nature of the charges to which he was pleading guilty, the voluntariness of his decision, the rights which he was waiving, and the factual basis for his plea. The court imposed the sentence recited in the plea bargain. Given this evidence, the trial court found that Allen had not proven that his plea was involuntary and unintelligent. There was a substantial basis for this finding.

### I. Guilty Plea

The plea agreement recited that it would be "submitted with the understanding that in the event the Court accepts the terms hereof they will be followed...." The agreement provided that

if the court accepts the Defendant's pleas of guilty, the defendant will be sentenced as follows.... on the class B felony, for a period of Ten (10) years, plus an additional Ten (10) years for aggravated circumstances, and a sentence of ... Five (5) years which second sentence shall run consecutive to and not concurrent with the first sentence.

At the guilty plea hearing the judge explained the difference between concurrent and consecutive sentences. The court explained to appellant that if he was on parole or probation that the guilty pleas might adversely affect parole or probation. The judge told Allen that if the court accepted the agreement it would accept all the terms. The judge also explained the penalties which could be imposed for each of the offenses initially charged should Allen decide to go to trial. The judge told Allen that there were presumptive prison terms to which the Court could add additional years for aggravating circumstances or subtract years for mitigating circumstances. Appellant told the court that he had discussed the sentencing provisions with his lawyer, believed that he fully understood them, and did not have any questions about the possible sentences. The only direct reference to the impact of prior

felony convictions on the length of the sentence was the court's inquiry, "Do you understand you may have some prior felonies, you kind of gone through this before?" Appellant responded affirmatively. When the sentence was pronounced by the court, defendant did not object.

■ The trial court need not use the exact language of the statute when advising a defendant, provided the court conveys to defendant the idea underlying the statutory advisement. *West v. State* (1985), Ind., 480 N.E.2d 221. The purpose of Ind. Code § 35–4.1–1–3(d) was to ensure that a criminal defendant is fully cognizant of the range of penalties prior to pleading guilty. *Underhill v. State* (1985), Ind., 477 N.E.2d 284. This Court has previously found that a defendant's awareness of the range of penalties is adequately conveyed upon less than the express statement that a sentence could be enhanced based upon prior convictions. *Wright v. State* (1986), Ind., 490 N.E.2d 732 (though defendant had a prior criminal history, the court could not enhance a determinate sentence; moreover, such enhancement would have violated the terms of the plea agreement. *Accord, Stonebreaker v. State* (1985), Ind., 476 N.E.2d 837; *Houston v. State* (1985), Ind., 480 N.E.2d 218 (trial court's explanation that parole status could be adversely affected by guilty plea conviction, a plea bargain agreement which provided for enhanced sentence, and appellant's acceptance of a sentence, partially based upon his prior criminal acts, without objection, warranted inference that he was duly informed of the adverse impact prior convictions could have on sentence length); *Underhill*, 477 N.E.2d 284 (appellant informed of sentence range, difference between concurrent and consecutive sentences, and that aggravating circumstances could increase the sentence).

■ The trial court sufficiently conveyed to Allen that prior convictions could enhance the length of his sentence. The trial judge informed Allen that if he entered a guilty plea, this conviction could adversely affect his parole status. Moreover, the plea bargain agreement recited that ten years were added due to aggravating circumstances, and the judge advised Allen that the presumptive term could be increased due to aggravating circumstances or reduced due to mitigating circumstances. Furthermore, the judge told Allen that if the court accepted the plea agreement, the court would impose the sentence recited in the agreement. Appellant was fully apprised of the range of penalties that could be imposed for the crimes to which he pleaded guilty.

## II. Ineffective Assistance of Counsel

Petitioner argues that counsel was ineffective because there was no effort made to secure an impartial jury through change of venue and counsel did not diligently pursue investigation and preparation of the defense of intoxication.

■ To succeed on a claim of ineffective assistance of counsel, appellant must satisfy the performance-prejudice standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant must show that counsel did not give reasonably effective assistance as measured by the prevailing professional norms and that counsel's deficient performance not only prejudiced the defense but undermined the reliability and fairness of the proceeding. *Stanley v. State* (1985), Ind., 479 N.E.2d 1315.

Appellant first maintains that counsel was ineffective for failing to move for a change of venue. At the post-conviction proceeding, defense counsel testified that he had determined that there was no bias or prejudice in the community which would hinder impaneling an impartial jury because appellant had not previously been tried before a jury in the county. Defense counsel also stated that he discussed filing a change of venue with Allen, but that at the initial conference appellant indicated his desire for a negotiated plea. Counsel did not consider requesting a change of judge because he believed that appellant had not been before this judge previously and because appellant had additional

charges pending before judges in other counties.

This Court will not speculate about the most advantageous strategy in particular cases. A deliberate choice made by counsel for a tactical or strategic reason does not establish ineffective assistance of counsel. *Owens v. State* (1984), Ind., 464 N.E.2d 1277.

Allen also contends failure to pursue the possibility of a defense of intoxication constitutes ineffective assistance of counsel. Two psychiatrists examined Allen to evaluate his competency to stand trial. One doctor concluded that Allen was competent but observed that he may have been intoxicated with drugs when the offense was committed. The second doctor found that appellant's intoxicated state rendered him incompetent "to make appropriate judgments concerning the rightness or wrongness of his acts."

Prior to advising defendant to accept the guilty plea, counsel analyzed the evidence, including police reports, eyewitness depositions, and the eyewitnesses' positive identification of Allen, and concluded that the probability of conviction would be very high. The only possible defense would be based upon the medical reports, which counsel did not find compelling. Allen admitted to counsel that he participated in the crimes but stated he was under the influence of alcohol and drugs. Counsel considered the defense of voluntary intoxication, but his research indicated that the defense was unavailable under Ind.Code § 35–41–3–5 (Burns 1979 Repl.) because armed robbery was not a specific intent crime. In addition, the eyewitnesses indicated that Allen appeared to know what he was doing.

Allen pleaded guilty on May 5, 1982. In 1984, this Court held that voluntary intoxication was an available defense for any crime, despite the contrary declarations in Ind.Code § 35–41–3–5 (Burns 1979 Repl.), which this Court held to be void. *Terry v. State* (1984), Ind., 465 N.E.2d 1085. Counsel's performance is obviously not rendered ineffective when he chooses a strategy based upon accurate research of the law at the time a decision is made. Moreover, when a defendant raises the defense of voluntary intoxication, he has the burden to show that his intoxicated state precluded his ability to form the requisite intent. *Patterson v. State* (1978), 267 Ind. 515, 371 N.E.2d 1309. Counsel considered the evidence and apparently concluded that appellant could not sustain this burden.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.