Arthur L. COLVIN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee.

No. 48A02–8603–CR–97.

Court of Appeals of Indiana,
Second District.

Dec. 31, 1986.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SULLIVAN, Judge.

Appellant Arthur L. Colvin appeals the trial court's summary denial of his petition for post-conviction relief. We reverse and remand for further proceedings.

In *Holliness v. State* (1986) Ind., 496 N.E.2d 1281, our Supreme Court upon rehearing addressed the question of summary "dismissal"[1] of a pro se petition for post-conviction relief after the public defender has made an appearance on behalf of the pro se petitioner but before the public defender has filed an amended petition. In reversing the trial court's summary denial of the petition, the court held that judgment in such cases is proper only after an order to show cause why the petition should not be dismissed pursuant to Trial Rule 41(E).[2]

---

1. Although the post-conviction court in *Holliness* had denied the petition pursuant to P.C. Rule 1, § 4(e), our Supreme Court equated the denial to a dismissal because the Public Defender had filed an appearance but had not filed an amended petition within sixty days.

2. Trial Rule 41(E) provides as follows:
"(E) Failure to Prosecute Civil Actions or Comply With Rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's cost if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or restatement of dismissal may be made subject to the condition that the plaintiff comply with

these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

In the Supreme Court's original opinion, the trial court's summary denial of the pro se petition was affirmed. *Holliness v. State* (1986) Ind., 494 N.E.2d 305 *rev'd on rehearing* 496 N.E.2d 1281. However, in a dissenting opinion, Justice DeBruler articulated the rationale subsequently adopted by the majority on rehearing.
"Sections 2, 3 and 4 of Rule PC 1, provide respectively for the automatic referral of *pro se* petitions to the Public Defender, incorporation in the petition of a statement of fact under oath that all grounds for relief known to petitioner have been included, and the grant of leave to amend the petition at least once as a matter of right. The purpose of these provisions is to afford at least one post-

The case before us differs from *Holliness* in only one respect. In *Holliness*, the trial court waited sixty-one (61) days after the public defender's appearance before denying the petition. In this case, six months elapsed between the public defender's appearance and the trial court's denial of the petition. This distinction, however, does not warrant a different result. A petitioner seeking post-conviction relief is given leave to amend his petition as a matter of right. Ind.R.P.C. 1, § 4(c). Nothing in the Indiana post-conviction rules specifies a time limit within which this right to amend must be exercised. Thus, even if the trial court in this case felt that the delay between the public defender's appearance and the filing of an amended petition had become unreasonable, its proper course was to issue an order to show cause why the petition should not be dismissed.[3]

Accordingly, this cause is remanded to the trial court with orders to set aside its judgment, and to proceed in conformity with this opinion.

MILLER, J. (participating by designation) concurs.

SHIELDS, J. concurs and files separate opinion.

SHIELDS, Judge, concurring.

I fully concur in Judge Sullivan's opinion. Nevertheless, I use the vehicle of a separate concurring opinion to express, for posterity's sake, my concern about the confusion between the denial of a petition under Indiana Rule of Post-Conviction Relief, Rule 1 § 4(e) and the dismissal of a petition under Indiana Rule of Trial Procedure 41(E). The former is a judgment against the petitioner on the basis the "pleadings conclusively show that petitioner is entitled to no relief...." P.C.R. 4(e). The latter is a dismissal of the petitioner's petition on the ground he has failed "to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days...." T.R. 41(E). *Holliness v. State* (1986), Ind., 496 N.E.2d 1281 fails to recognize the distinction in a P.C.R. 4(e) judgment and a T.R. 41(E) dismissal when it requires the issuance of a T.R. 41(E) rule to show cause why he petition should not be dismissed for want of prosecution before the post-conviction relief court enters a P.C.R. 4(e) ruling on the issue of whether the pleadings show petitioner is not entitled to relief.

conviction petition to prisoners having claims and to make that one as fully developed and complete as is reasonably and humanly possible. Success in achieving this purpose is the best way of rendering subsequent petitions unnecessary. Summary dismissal of a first *pro se* petition before amendment by the Public Defender quite to the contrary frustrates this important goal." *Id.* at 307.

**3.** We do not imply that every time the public defender enters an appearance on behalf of a pro se petitioner an amended petition is necessary. There may be instances in which the pro se petition is quite adequate. However, even in those instances in which the public defender determines that it is unnecessary to file an amended petition, dismissal is still proper only after an order pursuant to Rule 41(E).