**Kevin STONER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 18A02–8608–PC–291.**

Court of Appeals of Indiana, Second District.

April 29, 1987.

Susan K. Carpenter, State Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Stoner appeals the post-conviction relief court's denial of his *pro se* Petition for Post-Conviction Relief.

We reverse.

Stoner first contends the post-conviction relief court erred in summarily denying his petition after the State Public Defender had been appointed to represent him, but before the State Public Defender had entered an appearance. We agree.

█ The facts in this case are similar to those in *Holliness v. State* (1986), Ind., 496 N.E.2d 1281 and *Colvin v. State* (1986), Ind.App., 501 N.E.2d 1149. *Colvin*, following the mandate of *Holliness*, held a *pro se* petition for post-conviction relief may not be summarily ruled upon after the public defender has made an appearance on behalf of the petitioner and before an amended petition has been filed without the petitioner first being issued a rule to show cause. The rationale is a *pro se* petitioner seeking post-conviction relief is given leave to amend his petition as a matter of right by Indiana Rule of Post-Conviction Relief 1, § 4(c). 501 N.E.2d at 1150.

In the instant case, although the State Public Defender's Office was appointed on July 12, 1985 to represent Stone on his *pro se* Petition for Post-Conviction Relief, the office did not enter an appearance on his behalf until March 10, 1986. In the interval, the State, after two orders from the post-conviction relief court to respond to the petition, filed its reply and a Motion for Summary Judgment which the court summarily granted on January 27, 1986. The distinction here, the public defender's failure to file an appearance on behalf of Stoner, does not warrant a different result from that provided in *Holliness* and *Colvin.* The critical fact is the appointment, not the appearance, of the State Public Defender's Office to represent the *pro se* petitioner. The responsibilities of the Office, described in *Holliness*, to interview the indigent client, to read his appellate record, to interview his trial and appellate attorneys, and to investigate the legal and factual matters necessary to a decision whether to amend the indigent's pro se petition for post-conviction relief, and which give rise to the requirement for a rule to show cause as a condition precedent to a summary ruling or dismissal of a *pro se* petition, are imposed by the appointment of the Office as the indigent's attorney, not by its appearance. Rather, the appearance is just another responsibility of the Office that flows from its appointment as counsel for an indigent defendant. Accordingly, the Court erred in summarily denying Stoner's petition without first issuing a rule to show cause, thus depriving Stoner of an opportunity to amend his petition pursuant to P.C. Rule 1, § 4(c).

Stoner also asserts the post-conviction relief court erred in failing to summarily grant his petition for post-conviction relief when the State failed to timely answer his petition. This assertion is without merit.

Stoner's petition was filed July 12, 1985. On July 17, 1985 the post-conviction relief court appointed the State Public Defender "to advise and represent the defendant" and further "directed" the State to "respond to the Petition for Post Conviction Relief by August 30, 1985." Record at 13. On January 3, 1986 the post-conviction relief court "again directed [the State] to file a Reply to the Petition for Post Conviction Relief filed by defendant." *Id.* The State's reply was filed January 6, 1986.

 Because the State did not file a motion for enlargement of time to answer the petition, Stoner is correct in his assertion the State's failure to timely answer his petition required the factual averments contained in his petition to be deemed admitted. Indiana Rule of Trial Procedure 8(D). However, this does not necessitate the summary grant of Stoner's petition.

In *Purcell v. State* (1975), 165 Ind.App. 47, 330 N.E.2d 779, the court held only the *facts* alleged in a petition for postconviction relief are deemed admitted when the State fails to file a responsive pleading as required by P.C. Rule 1, § 4(a). Conclusions of law contained in the petition are not established as being correct merely by the State's failure to respond. Thus, Stoner's factual allegations concerning the original trial court's admission of certain photographs into evidence must be deemed true, but his allegation the admission of the photographs was prejudicial and resulted in fundamental error has no effect. Consequently, even if Stoner's factual allegations in his petition are deemed true, they do not compel relief, and the court did not err in denying Stoner summary relief based on the State's failure to timely respond to the petition.

This cause is remanded to the post-conviction relief court with orders to set aside its judgment, and to proceed in conformity with this opinion.

SULLIVAN and MILLER, JJ., concur.