Clyde E. **JORDAN**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 49A04–8704–PC–99.

Court of Appeals of Indiana,
Fourth District.

Sept. 3, 1987.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Clyde E. Jordan appeals from the summary denial of his Petition for Post-Conviction Relief. He was found guilty by the trial court of Criminal Trespass, a Class A misdemeanor, and was sentenced to pay a $750.00 fine, make restitution, and to be placed on probation for one year or until the fine was paid. Jordan violated the terms of his probation and was committed to the Marion County Jail for one year. Jordan did not directly appeal his conviction or revocation of probation. Jordan argues the post-conviction court erred by failing to provide adequate time for his counsel to represent him on the issues raised in his *pro se* petition for post-conviction relief.

We reverse the trial court's denial of Jordan's Petition and remand with instructions to appoint counsel, to permit amendment of the petition, and to hold an evidentiary hearing, if warranted, on those issues of fact and law raised in Jordan's petition.

### FACTS

Clyde E. Jordan was charged with one count of Burglary, a Class B felony, and was found guilty after a bench trial of Criminal Trespass, a Class A misdemeanor. Jordan was sentenced to one year probation and ordered to pay a $750.00 fine and make restitution. He was found to have violated his probation on July 3, 1986 and was sentenced to a term of one year incarceration at the Marion County Jail. Jordan did not directly appeal his initial conviction or the later revocation of his probation.

On October 6, 1986 Jordan filed a *pro se* Petition for Post-Conviction Relief with an attached Affidavit of Indigency indicating he desired the services of the Public Defender. Jordan's petition alleged the fol-

lowing errors were committed by the trial court at the Probation Violation hearing on July 3, 1986: (1) the sentence did not give credit for "time earned"; (2) certain evidence was not considered by the trial court; (3) Jordan's probation was "unlawfully revoked"; and (4) Jordan was inadequately represented by counsel. Record, p. 48–49. On October 10, 1986, the State filed its answer and a Motion to Dismiss Jordan's Petition with prejudice and without an evidentiary hearing on grounds of waiver because Jordan did not directly appeal his conviction or sentence. Record, p. 53–55. The Public Defender's Office received a copy of the State's Motion to Dismiss on October 14, 1986. The trial court apparently also forwarded a copy of Jordan's Petition to the Public Defender on October 10, 1986, but an affidavit accompanying Jordan's Motion to Correct Errors indicates this copy was not received by the Office of the State Public Defender until October 15, 1986. Record, p. 5–7. On October 14, 1986 the trial court issued a corrected Committment Order which granted Jordan credit for time earned. The following day, October 15, 1986, the trial court granted the State's Motion to Dismiss with prejudice.

On October 29, 1986, counsel entered an appearance on behalf of Jordan and filed a Motion for Leave to Withdraw his *pro se* Petition for Post-Conviction Relief without prejudice. Late that afternoon, Jordan's counsel received a phone call from the staff of Marion Superior Court, Criminal Division Two, informing her that the State's Motion to Dismiss the *pro se* Petition for Post-Conviction Relief had been granted by order of the court on October 15, 1986. On October 31, 1986, Jordan filed a Motion to Reconsider Dismissal. On November 6, 1986, pursuant to its Nunc Pro Tunc entry of October 15, 1986, the trial court granted the State's Motion to Dismiss with prejudice.[1] It is from this November 6, 1986 dismissal that Jordan now appeals.

---

1. We note that neither the trial court's entry of October 15, nor its order of November 6, 1986 includes findings of fact and conclusions of law as required by Indiana Rules for Post-Conviction Relief; Rule P.C. 1 § 6, which provides:

"Section 6. *Judgment.* The court shall make specific findings of fact, and conclusions of law on all issues presented, *whether or not a hearing is held.*" (emphasis added).

## ISSUE

Jordan raises two issues[2] for consideration but we address only the first, which is dispositive:

Whether the trial court erred in granting summary dismissal of Jordan's *pro se* Petition for Post-Conviction Relief *after* referral to the Public Defender but *before* adequate time had elapsed for the Public Defender to consult with Jordan, review the record, and amend the petition.

## DISCUSSION AND DECISION

Jordan asserts the trial court's action in forwarding his Petition for Post-Conviction Relief to the State Public Defender the same day it dismissed his petition for relief is tantamount to denying him representation of counsel. Jordan did not have the opportunity to consult with counsel or to have counsel review the record of his case, amend his petition, or take other actions needed to preserve his rights. Jordan alleges he was harmed in two specific ways: (1) if Jordan were to file a second petition for post-conviction relief in the future, the issues he raises may be waived by his failure, without assistance of counsel, to raise these issues in his first petition, *Jewell v. State* (1979), 272 Ind. 317, 397 N.E.2d 946; and (2) Jordan may not be afforded counsel should he file a second petition for post-conviction relief after suffering dismissal, *Robinson v. State* (1986), Ind., 493 N.E.2d 765.

The State responds that Jordan's "entirely meritless appeal was properly summarily dismissed" because all of Jordan's arguments are waived since he failed to take a direct appeal.[3] The State relies on *Bailey v. State* (1985), Ind., 472 N.E.2d 1260 for this proposition and does not directly address Jordan's arguments concerning representation of counsel.

Here, Jordan filed a *pro se* petition. Under Indiana Rules for Post-Conviction Relief, 1 § 2, the court is required, upon finding the petitioner indigent, to forward a copy of the petition to the State Public Defender's Office. The trial court did so. However, Ind.R.P.C. 1 § 9 also provides that the Public Defender will serve as counsel and "shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition."[4]

Our supreme court has recognized that summary denial of a *pro se* petition for post-conviction relief is inappropriate when the petition has not been referred to the public defender's office, *Sanders v. State* (1980), 273 Ind. 30, 401 N.E.2d 694, *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422; or when the petition has been referred to the public defender but is denied less than one month after filing, *Bailey v. State* (1983), Ind., 447 N.E.2d 1088. Justice De-Bruler explained the purpose of the rule requiring the trial court to refer self-generated petitions to the Public Defender in *Sanders:*

"First, it provides the indigent petitioner with counsel thereby facilitating the orderly and coherent prosecution of the claim through the trial and appeal courts. Secondly, it insures that the petition will be presented in the form required by the

---

2. Jordan also argues the trial court erred in dismissing his petition with prejudice. We need not address this argument due to our disposition of Jordan's first allegation of error.

3. The State devotes much of its Brief to the issue of waiver. We agree that because sufficiency of the evidence may be raised in an appeal on the merits, it is not normally within the scope of post-conviction relief. *Brown v. State* (1974), 261 Ind. 619, 308 N.E.2d 699. However, the State fails to recognize that whether an issue has been waived may be a question of fact. *Bailey, infra,* 447 N.E.2d at 1090; *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623; *Richardson v. State* (1971), 256 Ind. 199, 267

N.E.2d 538; *Haynes v. State* (1982), Ind.App., 436 N.E.2d 874. Both the Post-Conviction Rules and our case law have established that an evidentiary hearing is required when issues of fact are raised in a petition, even if it is unlikely that petitioner will produce evidence sufficient to establish his claim. Indiana Rules of Post-Conviction Relief, Rule P.C. 1 § 4(e) and 4(f); *Bailey, infra; Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422; *Frazier, supra.*

4. Under Rule P.C. 1 § 4(c), the petitioner "shall be given leave to amend his petition as a matter of right."

rule which in turn effectively implements the underlying policy which is to limit the number of post-conviction petitions so far as constitutionally permissible by requiring all known and felt grievances to be aired in the original or first petition. The referral requirement of the rule has considerable importance to the inmate as well as to the courts."

*Sanders, supra,* 401 N.E.2d at 695–96.

Justice DeBruler stated, further, that the judicial act of referral to the Public Defender "is to take place *before* consideration of the pleadings as the purpose of the referral is to facilitate the amendment of the petition so as to include in it all arguable claims." (emphasis added). *Sanders, supra,* 401 N.E.2d at 696.

> Post-Conviction Rule 1, § 4(c) provides: "At any time prior to entry of judgment the court may grant leave to withdraw the petition, and the petitioner shall be given leave to amend the petition as a matter of right."

This court has held that the provisions in 4(c) are severable and do not require a petitioner to first ask leave to withdraw the petition, but rather "grants the petitioner an absolute right to amend a present petition for post-conviction relief prior to judgment." *Owens v. State* (1986), Ind.App., 500 N.E.2d 756, *quoting Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714, 716. Amendment as a matter of right is consistent with the purposes of our post-conviction rules which strive for simplification by requiring the petitioner to present all reviewable issues in one petition, in order to avoid a multiplicity of post-conviction petitions. *Id.*

In the more recent case, *Bailey, supra,* the Supreme Court found Bailey was prejudiced because his counsel was denied adequate time to review the record and to amend the petition. Bailey filed his Petition for Post-Conviction Relief on March 24, 1982. The State filed its Answer and Motion for Summary Disposition on April

13, 1982 raising the affirmative defense that Bailey had waived the alleged error by failing to raise it in his direct appeal. Bailey's counsel, a Public Defender, requested a continuance on April 15, 1982 in order to consult with Bailey, review the trial transcript, and determine all available grounds for relief. On April 21, 1982, less than one month after Bailey had filed his original petition, the trial court denied Bailey's motion for continuance and granted the State's motion for summary disposition. The trial court then entered its findings of fact and conclusions of law denying Bailey's petition on May 13, 1982. Justice Hunter, writing for the court, reasoned:

> "As petitioner points out, he was in Michigan City, making an immediate conference between himself and his counsel impossible. His counsel also needed adequate time to review the record and determine if amendment of the petition was necessary. Under Ind.R.P.C. 1, § 8, a petitioner must raise all available grounds for relief in his original petition. By being denied adequate time to amend the petition, the petitioner may be prejudiced if he files subsequent post-conviction petitions. Thus in the case at hand, the denial of the petitioner's motion for a continuance did prejudice petitioner."

*Bailey, supra,* 447 N.E.2d at 1091.

We find *Sanders* and *Bailey* control the disposition of this case. The record reveals the Public Defender's office received a copy of the State's Answer to Jordan's Petition for Post-Conviction Relief and Motion to Dismiss on October 14, 1986. Jordan's Petition was received on October 15, 1986, the same date the trial court summarily dismissed his petition. The case was then assigned to a Senior Deputy Public Defender who met with Jordan for the first time at the Marion County Jail on October 24, 1986. If one month is inadequate for counsel to confer with the petitioner, review the record and amend the petition under *Bailey,* surely less than a day is also inadequate time here.[5] Clearly, Jordan's

---

5. *See also, Fortson v. State* (1987), Ind., 510 N.E.2d 1369 (no error where trial court summarily denied Fortson's *pro se* petition *four months* after filing; trial court acted within its authority; circumstances supporting trial court's dismissal include (1) public defender's awareness summary denial requested and imminently possible, because issue raised in State's

counsel was denied adequate time, between *receipt* of his petition and the trial court's summary *dismissal,* to confer with her client, review the record, and amend the petition. We therefore reverse the trial court's denial of Jordan's Petition for Post-Conviction Relief and remand with instructions to appoint counsel, to permit amendment of the petition, and to hold an evidentiary hearing, if warranted, on those issues of fact and law raised in Jordan's petition.

Reversed and remanded.

CONOVER and BUCHANAN, JJ., concur.

responsive pleading, and (2) Fortson's decision to file *pro se,* which "commands the immediate attention of the public defender to the benefit of the prisoner.")