Richard B. JOSEPH, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 77A01–9207–PC–229.

Court of Appeals of Indiana, First District.

Nov. 23, 1992.

Susan K. Carpenter, Public Defender, John T. Ribble, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

Defendant-appellant Richard B. Joseph appeals the post-conviction court's summary denial of his post-conviction relief petition. Joseph claims the post-conviction court's summary denial was erroneous for three reasons: 1) because the post-conviction court did not allow his public defender adequate time to investigate and possibly amend the petition; 2) because the post-conviction court did not first issue a show cause order pursuant to Ind.Trial Rule 41(E); and 3) because his petition raised disputed factual matters making the denial inappropriate without a hearing. Joseph also contends the post-conviction court erred when it found the doctrine of laches barred his claim without first holding a hearing on the issue.

## FACTS

In 1980, Joseph pled guilty without the benefit of counsel to charges of kidnapping,[1] robbery,[2] and theft.[3] He received a 30–year sentence.

---

1. IND.CODE 35–42–3–2.

2. IND.CODE 35–42–5–1(2).

3. IND.CODE 35–43–4–2.

On March 22, 1992, Joseph filed a *pro se* petition for post-conviction relief claiming, among other things, that "I entered the plea bargain blindly, for I lacked an attorney to advise me of my rights that I waved [sic] when I accepted the plea bargain." *Record* at 22. His petition included a request for a public defender and an affidavit of indigency. The post-conviction court forwarded the petition to the public defender's office the next day.

On April 8, 1992, the state public defender entered an appearance on Joseph's behalf and filed a motion for jail time credit. On April 9, 1992, the post-conviction court granted the jail time credit motion but denied Joseph's petition without a hearing. It found Joseph knowingly and intelligently waived his right to counsel and that Joseph was prohibited from obtaining relief by the doctrine of laches. Joseph appeals.

## DISCUSSION AND DECISION

The post-conviction rules specifically provide for the appointment and participation of counsel on behalf of indigent petitioners in post-conviction actions. Ind. Post–Conviction Rule 1 § 2 requires the post-conviction court to refer a copy of the petition to the public defender's office upon a finding of the petitioner's indigency. This rule helps insure representation of indigent petitioners and promotes judicial economy by presenting all known allegations of error in the original petition and in proper form, so far "as is reasonably and humanly possible." *Holliness v. State* (1986), Ind., 496 N.E.2d 1281, 1282.

■ The rules require more than the petition's mere referral to the public defender, however. The public defender must be afforded time to interview the client, interview the trial and appellate attorneys, read the appropriate records of proceedings, and investigate all relevant legal and factual matters. *Id.* at 1281. The summary disposition of a post-conviction relief petition prior to the public defender's office having an opportunity to consult with the petitioner and amend the petition prevents the fulfillment of the mission assigned to the post-conviction rules

and, accordingly, constitutes error. *Russell v. State* (1987), Ind., 510 N.E.2d 1339 (error to dismiss petition summarily 21 days after petition's receipt in public defender's office). *See also Bailey v. State* (1983), Ind., 447 N.E.2d 1088 (error to deny petition summarily when public defender had "less than a month" to evaluate petition); *Jordan v. State* (1987), Ind.App., 512 N.E.2d 236 (error to deny petition summarily on the same day public defender received it).

In this case, Joseph filed his *pro se* petition on March 22, 1992. The public defender received the petition on March 23, 1992, and entered an appearance on April 8, 1992. The next day, April 9, 1992, the post-conviction court summarily denied the petition. This was error. "Our supreme court has recognized that summary denial of a *pro se* petition for post-conviction relief is inappropriate when ... the petition has been referred to the public defender but is denied less than one month after filing[.]" *Jordan, supra,* at 238 (citing *Bailey, supra*).

■ Error of even constitutional dimension does not necessarily require reversal, however; in addition to error, a party must also make some showing of injury or prejudice resulting from the error. *See White v. State* (1986), Ind., 497 N.E.2d 893; *McKrill v. State* (1983), Ind., 452 N.E.2d 946. Joseph made no such allegation of harm here. Although he broadly asserts his public defender was not given ample time to investigate and amend his petition, he offers no suggestion concerning what the public defender would have found had the opportunity for complete investigation been afforded or whether the public defender would have, in fact, amended the petition. Indeed, in this appeal Joseph presses only his waiver of counsel argument as it originally appeared in his petition, suggesting amendment was unnecessary and would not be forthcoming. Without the necessary definition of prejudice, Joseph is not entitled to relief on the grounds that the post-conviction court's denial was erroneous because Joseph's public defender was not afforded ample time to investigate and amend the petition.

■ Joseph next claims the trial court erred in summarily denying his petition because he was entitled to a show cause order under T.R. 41(E).

Although the *Russell, Holliness,* and *Jordan* courts appear to use the terms "denial" and "dismissal" interchangeably in the context of post-conviction relief, they are not synonymous. The difference lies in how each arises. A post-conviction relief petition may be summarily denied when the pleadings conclusively show the petitioner is entitled to no relief. P–C.R. 1 § 4(f). The petition may be dismissed when the petitioner has failed to comply with the trial rules or when he has failed to take action for a period of 60 days. T.R. 41(E).

The difference is important despite the holding of *Holliness,* that "dismissal after the Public Defender has made an appearance on behalf of the *pro se* petitioner and before an amended petition has been filed, can be made only after an order to show cause why the petition should not be dismissed pursuant to T.R. 41(E)." *Holliness, supra,* at 1282. As Judge Shields acutely observed, *Holliness* "fails to recognize the distinction" between a P–C.R. 1 § 4(f) judgment on whether the pleadings show the petitioner is not entitled to relief and a T.R. 41(E) dismissal for want of prosecution. *Colvin v. State* (1986), Ind.App., 501 N.E.2d 1149 (Shields, J., concurring).

■ In considering Joseph's T.R. 41(E) argument, it is important to remember the rationale underlying the post-conviction rules: public defenders should be provided ample time to investigate post-conviction relief claims so that they may amend petitions, if necessary, to include all possible theories in a single petition, thereby rendering future petitions unnecessary. Here, there is no real contention that Joseph would have amended his petition had he been given extra time for investigation, and the post-conviction court denied—not dismissed—Joseph's petition; we conclude Joseph was not entitled to the benefit T.R. 41(E) provides, as he claims.[4]

■ Joseph is left, then, with the grounds he originally advanced and continues to advance: that he did not knowingly, voluntarily, and intelligently waive his right to counsel when he pleaded guilty.

■ The petitioner seeking post-conviction relief has the burden of establishing the grounds for relief by a preponderance of the evidence. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989). In the context of an allegedly faulty guilty plea, the petitioner must establish specific facts from which the trier of fact can conclude by a preponderance of the evidence that the trial court's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *Allen v. State* (1986), Ind., 498 N.E.2d 1214. To prevail on appeal from the denial of a post-conviction relief petition the petitioner must satisfy the reviewing court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Joseph v. State* (1985), Ind., 483 N.E.2d 32.

The post-conviction court examined Joseph's petition and the transcript of Joseph's guilty plea hearing and ruled that "Joseph did make a knowing and intelligent waiver of his right to counsel." *Record* at 83. We, too, have examined the pleadings and transcript and although we cannot say this conclusion is necessarily incorrect, neither can we say it is certainly correct. Whether Joseph knowingly, voluntarily, and intelligently waived his right to counsel is a factually sensitive issue. Both this court and the post-conviction court current-

---

4. The *Holliness* post-conviction court denied—not dismissed—Holliness's petition. Footnote one of the *Colvin* opinion declares that the *Holliness* court "equated [Holliness's petition's] denial to a dismissal because the Public Defender had filed an appearance but had not filed an amended petition within sixty days." *Colvin, supra,* at 1149 n. 1. Notwithstanding this speculation, we hold fast in our belief that an important difference exists between a petition's denial and its dismissal. A denial does not become a dismissal simply because the post-conviction court disposed of the petition after the public defender entered an appearance but before the public defender amended the petition. Instead, one must look to the underlying reason the post-conviction court disposed of the petition to determine whether the petition was denied or dismissed.

ly lack the factual knowledge to resolve the issue; a hearing is required. Both Indiana's post-conviction rules and its case law have determined that an evidentiary hearing is required when issues of fact are raised in a petition, even if it is unlikely that the petitioner will produce evidence sufficient to establish his claim. *Jordan, supra,* at 238 n. 3. The post-conviction court erred by denying Joseph's claim without a hearing.

■ Even a meritorious claim may be defeated by the affirmative defense of laches, however. *Wilburn v. State* (1986), Ind.App., 499 N.E.2d 1173. This brings us to Joseph's final issue: whether the trial court erred when it summarily ruled the doctrine of laches barred Joseph's petition. For the doctrine of laches to bar relief, the state must prove by a preponderance of the evidence that the petitioner has unreasonably delayed the filing of his petition and that the state was prejudiced by the delay. *Woodford v. State* (1989), Ind., 544 N.E.2d 1355. As is the case concerning the knowledge and intelligence with which Joseph pleaded guilty without the benefit of counsel, the resolution of the elements of laches turns on the facts peculiar to each case. For this reason, our supreme court has held that once the state raises the affirmative defense of laches, the petitioner is entitled to an evidentiary hearing upon the issue. *Gregory v. State* (1984), Ind., 463 N.E.2d 464; *Twyman v. State* (1983), Ind., 459 N.E.2d 705. Whether Joseph's petition should be barred by laches may be determined only after a hearing at which the issues of unreasonable delay and prejudice have been considered. The post-conviction court erred in summarily barring Joseph's claim based on laches.

The post-conviction court's summary denial of Joseph's petition is reversed. We instruct the post-conviction court to hold an evidentiary hearing on the merits of Joseph's waiver of counsel theory and on the state's defense of laches.

Reversed and remanded.

RATLIFF, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurs.

I fully concur in the opinion of the majority. In doing so, however, I wish to emphasize my complete agreement with the majority's analysis of *Holliness v. State* (1986) Ind., 496 N.E.2d 1281, and *Colvin v. State* (1986) 2d Dist. Ind.App., 501 N.E.2d 1149. More particularly, I express my agreement with the adoption of Judge Shields's view as expressed in her separate concurrence in *Colvin, supra.*