█

Michael **TAYLOR**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 32A01–9511–PC–360.

Court of Appeals of Indiana.

March 4, 1996.

Rehearing Denied June 5, 1996.

Transfer Granted Aug. 6, 1996.

---

Susan K. Carpenter, Public Defender, Mario Joven, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Michael Taylor appeals the denial of his petition for post-conviction relief. Taylor presents one issue for review: whether the post-conviction court erred in summarily denying his petition without a hearing after a public defender had entered an appearance on his behalf.

### FACTS

On May 26, 1992, Taylor pled guilty to Rape With a Deadly Weapon,[1] a Class A felony, and four counts of Criminal Deviate Conduct,[2] also Class A felonies. Subsequently, on December 22, 1992, Taylor filed a pro se petition for post-conviction relief, alleging fourteen instances in which he had received ineffective assistance of counsel. Record at 68. Taylor included an affidavit of indigency with his petition, which requested that his case be referred to the State Public Defender's Office for representation. R. at 77–78. Taylor's request was served on the public defender on January 12, 1993, and beginning on January 25, 1993, several public defenders entered appearances on Taylor's behalf. R. at 148, 150, 151.

On June 19, 1995, nearly two and one-half years later, the State filed its response to Taylor's petition for post-conviction relief. Thereafter, on June 20, 1995, the post-conviction court denied Taylor's petition without a hearing.

### DISCUSSION AND DECISION

Taylor contends that the post-conviction court erred in denying his petition for post-conviction relief for three reasons: 1) the court did not afford the deputy public defender sufficient time to investigate the case and amend the petition, 2) the court did not issue a show cause order pursuant to Ind.Trial Rule 41(E), and 3) the petition for post-conviction relief raised material issues of fact.

First, Taylor argues the post-conviction court erred in disposing of his petition without giving the deputy public defender sufficient time to investigate his case. Once a petitioner in a post-conviction proceeding is found to be indigent, the post-conviction court is required to forward a copy of the petition to the public defender's office. Ind. Post–Conviction Rule 1(2). The public defender must then be given sufficient time to interview the client, interview the trial and appellate attorneys, read the appropriate records of proceedings, and investigate all relevant legal and factual matters. *Holliness v. State*, 496 N.E.2d 1281, 1282 (Ind.1986). It is error to summarily dispose of a post-conviction petition prior to giving the public defender's office an opportunity to consult with the petitioner and amend the petition. *Joseph v. State*, 603 N.E.2d 873, 875 (Ind.Ct. App.1992) (error to deny pro se petition one day after public defender enters appearance).

In the instant case, the post-conviction court denied Taylor's petition for post-conviction relief on June 20, 1995, two and one-half years after the first deputy public

1. IND. CODE § 35–42–4–1.

2. IND. CODE § 35–42–4–2.

defender entered his appearance on and January 25, 1993. We cannot say that two and one-half years was an insufficient period of time to afford the deputy public defender the opportunity to investigate and act on Taylor's petition. Thus, we find the trial court did not err.

■ Moreover, Taylor has not shown any resulting prejudice from the post-conviction court's actions. Specifically, Taylor has not set forth on appeal what the deputy public defender's investigation would have shown or how the deputy public defender would have amended Taylor's petition for post-conviction relief were he given additional time. Thus, any error in dismissing the appeal after the deputy public defender entered an appearance but prior to his investigation or amendment of the complaint was harmless. *See Joseph*, 603 N.E.2d at 875.

Next, Taylor argues the trial court erred by not granting an order to show cause pursuant to T.R. 41(E) prior to disposing of the petition. Taylor contends that once a public defender has entered an appearance on a case, the trial court cannot dismiss the petition without first holding a show cause hearing to give Taylor the opportunity to show why his petition should not be dismissed.

■ In *Joseph*, this court addressed this very issue. While we agreed that once a public defender has entered an appearance, a post-conviction court must issue a show cause order prior to dismissing a case pursuant to T.R. 41(E) for want of prosecution, such is not the case when the post-conviction court denies the petition because the pleadings conclusively show the petitioner is not entitled to relief. *Id.* at 876; Ind.Post–Conviction Rule 1(4)(f). We noted, however, that one must look to the underlying reason for the post-conviction court's disposal of the petition to determine whether the petition was denied or dismissed. *Joseph*, 603 N.E.2d at 876, fn. 4. Here, the post-conviction court stated: "The Court having considered the defendant's Petition and the State's response and documentation, hereby DENIES the Defendant's Petition for Post–Conviction Relief. CAUSE DISPOSED." R. at 157. We believe this statement indicates

that the post-conviction court considered the merits of Taylor's petition and the State's response, and on the basis of those pleadings denied, rather than dismissed, the petition for post-conviction relief. Therefore, the post-conviction court did not err by disposing of the petition without first issuing a show cause order.

Finally, Taylor argues that because his petition for post-conviction relief raised material issues of fact, the post-conviction court erred in denying the petition without a hearing. Taylor's petition contained fourteen allegations of ineffective assistance of counsel. These allegations centered on three different areas: counsel's discovery of information, counsel's communication or lack thereof with Taylor, and counsel's attempts to convince Taylor to accept the plea agreement.

■ The petitioner seeking post-conviction relief has the burden of establishing grounds for relief by a preponderance of the evidence. *Carter v. State*, 560 N.E.2d 687, 688 (Ind.Ct.App.1990), *trans. denied.* In the context of a claim of ineffective assistance of counsel, the petitioner must show first that his counsel's performance fell outside the wide range of professional competence. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We favor counsel with a strong presumption that competent assistance was rendered. *Id.* Then, the petitioner must show that he was prejudiced by his counsel's deficient performance. *Id.* When a petitioner has pled guilty, he also must show a reasonable probability that but for his counsel's ineffective assistance, he would not have pled guilty. *Sims v. State*, 547 N.E.2d 895, 897 (Ind.Ct.App.1989), *trans. denied.*

■ Taylor correctly notes that if a petition for post-conviction relief raises a material issue of fact, the court must hold an evidentiary hearing on the petition. Ind. Post–Conviction Rule 1(4)(g). However, if no material issue is raised, the court can summarily dispose of the petition. *Id.* Here, the pleadings raise no material issues. Although Taylor alleges ineffective assistance of counsel, he has not explained how his counsel's alleged deficient performance af-

fected his decision to plead guilty. On the contrary, the record overwhelmingly reveals that Taylor's decision to plead guilty was made knowingly and voluntarily, and that Taylor had no reservations regarding his representation.

During Taylor's guilty plea hearing, Taylor expressed his desire to plead guilty to avoid further traumatizing his victims. R. at 156. Additionally, Taylor indicated to the court that he understood each of the charges against him and that he admitted those charges. R. at 128–136. Further, Taylor admitted to the trial court that he was satisfied with his counsel's performance, and that there was nothing regarding his counsel's performance that he wished to bring to the court's attention. R. at 156, 125–26. These statements defeat Taylor's claim of ineffective assistance of counsel. *See Minor v. State,* 641 N.E.2d 85, 91 (Ind.Ct.App.1994), *trans. denied.* Moreover, by pleading guilty, Taylor has waived any error in his counsel's performance regarding pretrial evidence and discovery matters. *See Ford v. State,* 618 N.E.2d 36, 38 (Ind.Ct.App.1993), *trans. denied.* As a result, we cannot say the post-conviction court erred in summarily denying Taylor's petition for post-conviction relief.

Judgment affirmed.

ROBERTSON and KIRSCH, JJ., concur.