William C. **PERIGO**, Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Respondent.

No. 86A03–9403–PC–99.

Court of Appeals of Indiana, Third District.

Feb. 6, 1995.

William C. Perigo, appellant pro se.

Pamela Carter, Atty. Gen. of Indiana and Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-petitioner William C. Perigo appeals from the dismissal of his petition for post-conviction relief following his conviction for dealing in cocaine, a Class A felony. Although Perigo raises several issues on appeal, one issue is dispositive: whether the trial court erred in summarily dismissing his petition for post-conviction relief. The facts relevant to this appeal are set forth below.

Perigo filed a *pro se* petition for post-conviction relief on April 1, 1991. Thereafter, commencing in May 1991, Perigo was offered assistance of counsel by the public defender's office. On October 15, 1991, the State filed a motion to dismiss the petition. Perigo failed to respond to the inquiries of the public defender until October 25, 1991. At that time he denied the public defender's assistance claiming he was aware of the State's motion to dismiss and was already represented by private counsel. On October 15, 1991, a private attorney had, in fact, entered an appearance on Perigo's behalf. Filed with the attorney's appearance was a motion to defer the ruling on the post-conviction petition. The motion informed the court that Perigo had conferred with counsel on October 10, 1991, that they specifically discussed the petition for post-conviction relief, and more importantly, that an amended petition was forthcoming.

The trial court granted the motion. However, no action was taken in this matter until May 18, 1993, at which point the trial court gave Perigo until June 1, 1993, to respond or amend his petition. Finding there to be no response or amendment as of June 2, 1993, the trial court summarily dismissed the petition for "failure to comply with the Rules of Procedure for Post–Conviction Remedies."

Perigo claims his petition was improperly dismissed. Raising the issue of ineffective assistance of post-conviction counsel, Perigo attributes fault for the summary dismissal to his post-conviction counsel's failure to act upon the motion for two years.

The proper procedure for a trial court to follow where petitioner's counsel has entered an appearance but has not responded or amended the post-conviction petition for a lengthy period of time, is to order pursuant to Ind.Trial Rule 41(E), the petitioner to show cause why his petition should not be dismissed. *Holliness v. State* (1986), Ind., 496 N.E.2d 1281, 1282 (61 days between date of appearance and dismissal); *Colvin v. State* (1986), Ind.App., 501 N.E.2d 1149, 1150 (6 months between date of appearance and dismissal). Although both *Holliness* and *Colvin* deal with the failure of a public defender to prosecute rather than the situation in the present case where assistance of a private attorney is involved, the result is the same. The post-conviction rules provide that a petitioner may seek assistance of either the public defender or private counsel of his choice. *See* Ind.Post Conviction Rule 1(9)(a). P–C.R. 1(9)c) further provides, in pertinent part, if counsel assists the petitioner in prosecuting his post-conviction petition:

> "Counsel *shall* confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition. *In the event that counsel determines the proceeding is not meritorious or in the interests of justice,* before or after an evidentiary hearing is held, counsel *shall file with the court counsel's withdrawal of appearance, accompanied by counsel's certification that (1) the petitioner has been consulted regarding grounds for relief in his pro se petition and any other possible grounds and (2) appropriate investigation, including but not limited to review of the guilty plea or trial and sentencing records, has been conducted.* Petitioner shall be provided personally with an explanation of the reasons for withdrawal. Petitioner retains the right to proceed pro se, in forma pauperis if indigent, after counsel withdraws."

(Emphasis added.) As noted earlier, it is clear from the record that Perigo was, in fact, represented by private counsel in Octo-

ber 1991. Although there is a record of Perigo's private attorney filing an appearance on his behalf and asking the court for more time to amend the petition at that time, the record is silent thereafter. There is no record of withdrawal of counsel as is required under the post-conviction rules. There is nothing in the record to explain either the reasons for or the circumstances surrounding Perigo's failure to act on his petition. As the State points out, it is possible that Perigo no longer sought the assistance of his privately paid counsel. It is also possible that his private counsel merely failed to act on the petition. In any event, as no hearing was conducted by the trial court to shed light on this matter, we must reverse the trial court's entry of summary dismissal and remand with instructions to issue an order to Perigo, pursuant to T.R. 41(E), to show cause why the petition should not be dismissed.

Reversed and remanded.

STATON and FRIEDLANDER, JJ., concur.