**Jason L. MASSEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 56A03–0309–CR–373.

Court of Appeals of Indiana.

Feb. 24, 2004.

---

James R. Reed, Morocco, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Jason L. Massey appeals his conviction for Class C felony battery on two grounds.

First, Massey claims that the trial court committed reversible error by giving an erroneous additional instruction to the jury after the jury began its deliberations. Next, Massey asserts that comments made by the judge when ruling on the admissibility of evidence indicated partiality and bias. Because our jury rules permit a trial court to assist a jury at an impasse; the complained of instruction was not erroneous; and the trial judge's comments regarding the admissibility of evidence did not exhibit partiality or bias against Massey, we affirm.

### Facts and Procedural History

In October 2002, Massey and Gary Heldt were both incarcerated in the same cell at the Newton County Jail. One night after Massey had been drinking "hooch" with some of the other inmates in the cell,[1] he started yelling, "Heldt, we're going to kick your a* *." Tr. p. 23. Massey then initiated an altercation with Heldt by grabbing Heldt's feet as Heldt was sitting on his top bunk writing a letter to his mother. After Massey grabbed Heldt's feet, Heldt pushed Massey away by pressing his feet into Massey's chest. Massey responded by pulling Heldt off his bunk, which was approximately four feet high, and onto the cement floor. This fall caused Heldt to momentarily lose consciousness. When Heldt regained consciousness, Massey was striking Heldt in the face with his fists. A second inmate then came over and started kicking Heldt in the side. After Heldt rolled onto his hands and knees and stood up, this beating subsided. Heldt then walked over to the sink to clean the blood off himself. As he was doing this, a third inmate attacked him from behind, hitting him twice in the head and twice in the ribs. Massey and another inmate pulled this third inmate off Heldt.

Heldt then called for the assistance of a correctional officer. One correctional officer took Heldt to the booking area for medical attention while other correctional officers went to the cell where the altercation took place and found it to be in a state of disarray.[2] The correctional officers also encountered Massey and some other inmates who were exhibiting signs of intoxication. As one of the correctional officers was questioning the group about what had transpired, he noticed that Massey's knuckles and hands were reddened as if "he had been hitting something." Tr. p. 72. None of the other inmates' knuckles or hands were similarly reddened. In a videotaped statement, Massey said that Heldt drank hooch and started fighting. A test administered after the incident, however, revealed that Heldt had not consumed any alcohol. Further, Massey subsequently told another inmate that Heldt had kicked him so he pulled Heldt off the bunk and then beat him.

In May 2003, the State charged Massey with one count of Aggravated Battery as a Class B felony.[3] Subsequently, the State amended the charging information to add the lesser-included offense of Battery as a

---

1. "Hooch" is jailhouse alcohol made from fermented fruit. Tr. p. 78.

2. Due to the severity of his injuries, which included broken ribs, a punctured lung, a laceration to the forehead, a fractured jaw, a black eye, a lacerated liver, and nerve damage to his back, Heldt was transported to Iroquois Hospital and then to Carl Clinic in Champaign, Illinois, where he spent five days in the intensive care unit.

3. Ind.Code § 35–42–2–1.5 (specifying that a person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes (1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ ... commits aggravated battery, a Class B felony).

Class C felony as Count 2.[4] At trial, Massey claimed that he struck Heldt in self-defense and that the other inmates were responsible for Heldt's injuries. At the close of evidence, the trial court instructed the jury on Aggravated Battery as a Class B felony and Battery as a Class C felony, as well as the uncharged lesser-included offenses of Class A and Class B misdemeanor Battery.[5]

During deliberations, the jury sent multiple notes to the court concerning confusion they were having with the lesser-included offenses. Specifically, the jury asked which verdicts went with each count; asked why the jury was given the two misdemeanor classifications to the second count; and asked for definitions for Class B felony, Class C felony, Class A misdemeanor, and Class B misdemeanor. In response to these queries, the trial court reread all of the instructions to the jury. Additionally, the trial court verbally instructed the jury:

> Subject to the query submitted to the Court, with the help of counsel, and by agreement or the proper interpretation, the Court answered one inquiry with regard to use of jury forms. And answered with regard to Count 1 of the charging information, there are two possible verdicts[:] guilty or not guilty. With regard to Count 2, all other jury forms are available to you. We hope and pray this will assist the jury.

Tr. p. 174. In conjunction with this verbal instruction, the trial court also gave the following written instruction:

> The Jury having posed their questions to the Court during deliberations and the Court having examined the same, the Court now advises the Jury that with regard to Count 1 of the Information, the Jury may consider a guilty or a not guilty verdict.
>
> The Court advises the Jury as to Count 2 of the Information all other forms of verdict submitted may be considered.

Appellant's App. p. 24. In other words, the jury was instructed that they could consider the lesser-included offenses only in reference to Count 2. Following these instructions, the jury returned a verdict of not guilty on Count 1, Aggravated Battery, and a verdict of guilty on Count 2, Battery as a Class C felony. Massey now appeals.

### Discussion and Decision

Massey raises two arguments on appeal. First, he contends that the trial court committed reversible error by instructing the jury that lesser-included offenses did not apply to the aggravated battery count after the jury began deliberating. Second, he argues that the trial judge exhibited partiality and bias against Massey by comments he made regarding the admissibility of certain types of evidence. We address each argument in turn.

### I. The Giving of Further Instruction in Response to Juror Inquiry

Massey asserts that the trial court committed reversible error by responding to the jury's questions by giving an additional instruction, which was erroneous, concerning the jury's consideration of lesser-included offenses. Resolution of this issue requires a multi-step inquiry. First, we must decide whether the trial court is per-

---

4. Ind.Code § 35–42–2–1(a)(3) (specifying that battery is a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon).

5. I.C. § 35–42–2–1(a) (specifying a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits Class B misdemeanor battery; but if bodily injury to another person results, then the offense is a Class A misdemeanor).

mitted to give the jury further instructions after the jury has begun its deliberations. Next, we must determine whether the trial court's instruction was erroneous.

## A. New Jury Rules

Prior to the adoption of Indiana's new Jury Rules, the generally accepted procedure in answering a jury's question on a matter of law was to reread all of the instructions in order to avoid emphasizing any particular point and not to qualify, modify, or explain its instructions in any way. *Riley v. State*, 711 N.E.2d 489, 493 (Ind.1999). Under our new jury rules, however, trial courts are afforded greater flexibility in responding to jury inquiries. *Powell v. State*, 769 N.E.2d 1128, 1133 n. 4 (Ind.2002), *reh'g denied*. For instance, Indiana Jury Rule 28 provides:

> If the jury advises the court that it has reached an impasse in its deliberations, the court may, but only in the presence of counsel, and, in a criminal case the parties, inquire of the jurors to determine whether and how the court and counsel can assist them in their deliberative process. After receiving the jurors' response, if any, the court, after consultation with counsel, may direct that further proceedings occur as appropriate.

Part of the impetus in adopting the new jury rules was to allow a trial court to "facilitate and assist jurors in the deliberative process...." *See Litherland v. McDonnell*, 796 N.E.2d 1237, 1241 (Ind. App.2003) (quoting *Tincher v. Davidson*, 762 N.E.2d 1221, 1224 (Ind.2002)). In *Tincher*, our supreme court explained:

> Under appropriate circumstances, and with advance consultation with the parties and an opportunity to voice objections, a trial court may, for example, directly seek further information or clarification from the jury regarding its concerns, may directly answer the jury's question (either with or without

directing the jury to reread the other instructions), may allow counsel to briefly address the jury's question in short supplemental arguments to the jury, or may employ other approaches or a combination thereof.

*Tincher*, 762 N.E.2d at 1224.

Here, after receiving multiple inquiries from the jury, which indicated the jurors were confused about the lesser-included offenses, the trial court consulted with counsel in the presence of Massey about how the trial court proposed to resolve the jurors' apparent confusion. The trial court decided it would be best to reread the instructions in their entirety and to add a new instruction on how to apply the verdict forms for the lesser-included offenses. Because we find that the giving of the additional instruction was consistent with the underlying goal of the new jury rules, which is to assist the jurors in the deliberative process, we find no error. Having decided it was appropriate for the trial court to assist the jurors in this situation, we must now determine whether the further instruction given by the trial court was erroneous.

## B. Erroneous Instruction

 Massey claims he was harmed by an erroneous jury instruction. Instructing the jury lies within the sole discretion of the trial court. *McBride v. State*, 785 N.E.2d 312, 316 (Ind.Ct.App.2003), *trans. denied*. Jury instructions are to be considered as a whole and in reference to each other. *Id.* An error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case. *Id.* Before a defendant is entitled to a reversal, he must affirmatively show that the erroneous instruction prejudiced his substantial rights. *Id.*

As background, we note that an "included offense" is an offense that "differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission." *See* Ind.Code § 35–41–1–16(3). The State charged Massey with Aggravated Battery as a Class B felony and Battery as a Class C felony. Although separately charged by the State, the Class C felony battery in this case was a lesser-included offense of aggravated battery. *See Simmons v. State*, 793 N.E.2d 321, 326 (Ind.Ct.App. 2003) (holding that battery is an inherently included offense of aggravated battery). While the State did not specifically charge Massey with battery as a Class A or B misdemeanor, the trial court instructed the jury that it could consider these offenses if it did not find Massey guilty as charged. After receiving multiple inquiries from the jury, the trial court reread the instructions in their entirety and offered an additional instruction that informed the jurors that they could only consider the verdict forms for the lesser-included offenses in relation to the Class C felony battery count.

Massey argues, and the State does not dispute, that the lesser-included offenses of Class A and B misdemeanor battery applied to the charge of aggravated battery, as well as to the charge of Class C felony battery. Massey continues by claiming that because the trial court's instruction precluded the jury from considering the lesser-included offenses for aggravated battery, it violated Article I, § 19

of the Indiana Constitution, which permits the jury to determine both the law and the facts, and therefore was erroneous. We find no error.[6]

Here, the State opted to file charges against Massey for both the greater offense of aggravated battery and the lesser-included offense of Class C felony battery. This is permissible. *See Bunting v. State*, 731 N.E.2d 31, 35 (Ind.Ct.App.2000) (noting that the State can charge a defendant with both the greater and the lesser-included offense, but convictions for both offenses cannot stand). Additionally, the trial court instructed the jury on the lesser-included offenses of Class A and B misdemeanor battery. Thus, the trial court instructed the jury on the full panoply of lesser-included offense options, including battery as a C felony, as a Class A misdemeanor, and as a Class B misdemeanor. *Cf. Turner v. State*, 751 N.E.2d 726 (Ind. Ct.App.2001) (reversing and ordering a new trial because the jury was not instructed on lesser-included offenses supported by the evidence). As a result, we find that the complained of instruction is not erroneous and conclude that reversal is not warranted.

## II. Impartial Judge

■ Next, Massey argues that he "was prejudiced by the trial judge's failure to remain impartial and by the unnecessary remarks made by the trial judge." Appellant's Br. p. 11. Merely asserting bias and prejudice does not make it so. The law presumes that a judge is unbiased

---

**6.** While Article I, § 19, of the Indiana Constitution provides that "in all criminal cases whatever, the jury shall have the right to determine the law and the facts," we have previously held that an instruction that minimizes the jury's power of discretion in making a determination does not necessarily amount to reversible error if accompanied by another instruction informing the jury that it

is the judge of the law and the facts. *McBride*, 785 N.E.2d at 316–17. Here, the allegedly erroneous instruction was accompanied by such an instruction. In fact, the jurors received an instruction informing them that they had the right to determine the law and the facts at least three times. Accordingly, we conclude that Massey fails to establish reversible error on this basis.

and unprejudiced. *Smith v. State*, 770 N.E.2d 818, 823 (Ind.2002). To rebut that presumption, a defendant must establish from the judge's conduct actual bias or prejudice that places the defendant in jeopardy. *Id.* Such bias and prejudice exists only where there is an undisputed claim or where the judge expressed an opinion of the controversy over which the judge was presiding. *Id.* An adverse ruling alone is insufficient to show bias or prejudice. *Flowers v. State*, 738 N.E.2d 1051, 1060 n. 4 (Ind.2000), *reh'g denied.* Rather, the record must show actual bias and prejudice against the defendant before a conviction will be reversed on the ground that the trial judge should have been disqualified. *Id.* at 1061.

Admittedly, the trial court has a duty to remain impartial and refrain from unnecessary remarks. *Miller v. State*, 789 N.E.2d 32, 40 n. 8 (Ind.Ct.App.2003). However, it also has a duty to conduct the trial in a manner calculated to promote the ascertainment of truth, fairness, and economy of time. *Id.* Within the scope of this duty is the authority to make impartial statements about the general admissibility of evidence. *Id.*

After reviewing the record, we find no support for Massey's claim of prejudice. Massey highlights the following comments as evidence of partiality and bias: (1) "See a lot of hearsay in here." (in reference to an exhibit Massey sought to have admitted); (2) "But you could call the appropriate witness to testify to the broken jaw. It wouldn't be this person." (in reference to a jail commander testifying regarding information found in Massey's medical records); and (3) "Just following the rules of evidence" (further explaining his previous ruling regarding information found in Massey's medical records). Tr. p. 112. These comments do not indicate partiality or bias; rather, they are simply rulings re-

garding the admissibility of evidence. Because the trial court has the authority to make impartial statements about the general admissibility of evidence, we conclude that Massey has failed to establish his claim of bias and prejudice.

Judgment affirmed.

SHARPNACK, J., and MATHIAS, J., concur.