**Joseph RHONE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–0409–CR–435.

Court of Appeals of Indiana.

May 2, 2005.

Rehearing Denied June 30, 2005.

P. Stephen Miller, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

A jury convicted Joseph Rhone of unlawful possession of a firearm by a serious violent felon following the recovery of two handguns from his home. Rhone appeals, alleging that the State failed to establish that he was a serious violent felon and that the trial court improperly instructed the jury regarding the elements of his offense. We vacate his conviction because we find that the only evidence presented by the State to establish that Rhone was a serious violent felon was inadmissible hearsay. Because we are vacating on grounds of insufficiency of the evidence stemming from the erroneous admission of evidence, we hold that double jeopardy principles do not bar retrial. In the event of a retrial, we note that the jury should be instructed that only non-vehicular reckless homicide qualifies as a serious violent felony, but the jury need not be instructed that Rhone knew or should have known he was a serious violent felon.

### Facts and Procedural History

In June 1994, Rhone pled guilty to the offense of Reckless Homicide, and the trial court entered judgment of conviction. According to the State, this conviction arose out of an incident wherein Rhone shot someone in the head.

Following a report that Rhone had guns in his home and believing him to be a serious violent felon based upon his previous conviction for reckless homicide involving a firearm, Fort Wayne police officers went to Rhone's home to investigate. Upon their arrival, Rhone and his wife invited the officers inside their home. The officers asked the Rhones if there were any guns in the home, to which both Rhone and his wife responded, "No." Tr. p. 97. The officers, however, spied a handgun on top of an entertainment center and a shotgun in a corner. As a result of these discoveries, the officers arrested Rhone for unlawful possession of firearms by a serious violent felon.

The State charged Rhone with Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony.[1] At trial, the State presented as part of its evidence a probable cause affidavit, which indicated that Rhone was arrested after shooting someone in the head. The affidavit said nothing about a vehicle being the means by which the victim was killed. Additionally, Officer Michelle Adam, the primary investigator of the homicide, testified that the case involved the use of a firearm. Officer Adam, however, admitted that she was not present when the incident occurred and that she gained her knowledge that the reckless homicide was committed by means of a firearm from other officers and witnesses at the scene. Following the presentation of evidence, the trial court instructed the jury, in pertinent part:

The crime of Unlawful Possession of a Firearm by a Serious Violent Felon is defined by statute in part as follows:

A person who knowingly or intentionally possesses a firearm after having been convicted of and sentenced for a serious violent felony as defined under I.C. 35–47–4–5, commits Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony.

To convict the defendant, the State must have proved each of the following elements:

That defendant Joseph Rhone,

---

1. Ind.Code § 35–47–4–5. Rhone was additionally charged with Class A misdemeanor Battery, see Ind.Code § 35–42–2–1; however, Rhone pled guilty to that count and does not raise any issue regarding that count in this appeal.

1. knowingly or intentionally
2. possessed
3. a firearm, defined as any weapon capable o[sic] expelling, designed to expel, or that may be readily converted to expel, a projectile by means of an explosion
4. *after Defendant had been convicted of and sentenced for Reckless Homicide, which the Court instructs you is an offense enumerated under I.C. 35-47-4-5.*

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you may find the defendant guilty of Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony.

Appellant's App. p. 67 (emphasis supplied). Rhone objected to this instruction on the grounds that it did not specify that in order for a reckless homicide conviction to result in someone being classified as a serious violent felon, the reckless homicide could not have been committed by means of a vehicle. Additionally, Rhone tendered the following instruction, which the trial court refused:

(1) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(2) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(3) Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct.

Appellant's Br. p. 13. Defense counsel explained his purpose in proffering such an instruction was to require the jury to find that Rhone knew he was a serious violent felon. The jury found Rhone guilty as charged. This appeal ensued.

## Discussion and Decision

Rhone attacks his conviction for unlawful possession of a firearm by a serious violent felon on two grounds. First, he alleges that the State failed to establish that his previous conviction for reckless homicide was committed by means other than a vehicle. Second, he claims that the trial court improperly instructed the jury. We address each issue in turn.

### I. Sufficiency of the Evidence

[1-3] Rhone contends that his conviction for unlawful possession of a firearm by a serious violent felon cannot stand because the State failed to establish that he qualified as a serious violent felon. When reviewing the claim of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the verdict and the reasonable inferences therefrom to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

Indiana Code § 35-47-4-5 defines "serious violent felon," in pertinent part, as "a person who has been convicted of committing a serious violent felony in Indiana." Ind.Code § 35-47-4-5(a)(1)(A). As used in the statute, a "serious violent felony" includes the crime of reckless homicide not committed by means of a vehicle. I.C. § 35-47-4-5(b)(3). Thus, to convict Rhone of unlawful possession of a

firearm by a serious violent felon, the State had to prove that Rhone had been convicted of reckless homicide not committed by means of a vehicle and, thereafter, knowingly or intentionally possessed a firearm. *See* I.C. § 35–47–4–5; *Causey v. State*, 808 N.E.2d 139, 143 (Ind.Ct.App. 2004).

Rhone does not dispute that he was previously convicted of reckless homicide; rather, he claims that the State failed to establish that the homicide underlying his previous conviction for reckless homicide was committed by means other than a vehicle. To establish Rhone's status as a serious violent felon, the State offered into evidence State's Exhibit 6, which contained the Chronological Case Summary; the Charging Information; the Affidavit for Probable Cause; and the Judgment of Conviction regarding Rhone's 1994 conviction for reckless homicide, and testimony from the primary investigating officer that Rhone used a firearm, not a vehicle, to commit reckless homicide. Of these documents contained in State's Exhibit 6, only the Affidavit for Probable Cause identified the means by which Rhone committed the reckless homicide. Rhone claims that this evidence was irrelevant and prejudicial. Additionally, he claims that the investigating officer's testimony and the Affidavit for Probable Cause are hearsay and thus should not have been admitted over his objection.

Officer Adam testified at trial that she investigated the shooting death of Edward Moore by Rhone and that the homicide was committed with a firearm, not by means of a vehicle. While initially Officer Adam testified that based on her "personal knowledge," Rhone previously committed reckless homicide with a firearm, she later admitted that she was not present during the shooting and confirmed that "whatever [she] knew in the course of [her] investiga-

tion is simply what other people told [her]." Tr. p. 118–19, 122. The Affidavit for Probable Cause, which was sworn and affirmed to under penalties of perjury by Officer Adam, in pertinent part provided:

> On arrival police found victim, Edward E. Moore ... with a gunshot wound to the head. The victim, Edward E. Moore, was pronounced dead at the scene.
>
> Officer Rod Howard of the Fort Wayne Police Dept arrived and found one Joseph W. Rhone ... standing over the body of Edward E. Moore. Joseph W. Rhone stated to Officer Rod Howard that he and the victim wrestled over the gun and the gun went off. . . .
>
> A witness, Donald R. Mikell, stated to Detective Dan Meeks of the Fort Wayne Police Dept, [sic] that he, Donald R. Mikell, and the Defendant, Joseph W. Rhone, were driving around looking for the victim because Joseph W. Rhone stated that the victim had stolen items from his residence.
>
> Donald R. Mikell and Joseph W. Rhone located the victim. . . . Joseph W. Rhone grabbed a handgun from under the seat of Donald R. Mikell and approached the victim, Edward E. Moore. The witness, Donald R. Mikell, stated Joseph W. Rhone then struck the victim twice in the head. The witness, Donald R. Mikell, stated Joseph W. Rhone then attempted to strike the victim in the head a third time and the victim grabbed the gun and the gun discharged [sic] striking the victim in the head.

State's Ex. 6, p. 1–3. Rhone objected to this evidence on relevancy, prejudice, and hearsay grounds.

 We find hearsay to be the dispositive issue in this case. Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove

the truth of the matter asserted." Ind. Evidence Rule 801(c); *Martin v. State*, 736 N.E.2d 1213, 1217 (Ind.2000). Hearsay is generally not admissible unless it fits into one of the exceptions delineated in the evidence rules. Ind. Evidence Rule 802. The Affidavit for Probable Cause is hearsay because it is an out-of-court statement offered to prove that Rhone previously committed non-vehicular reckless homicide.[2] Thus, the question becomes whether the hearsay fits into one of the delineated hearsay exceptions. The State argues that the Affidavit for Probable Cause is admissible under the Public Records and Reports exception codified at Indiana Evidence Rule 803(8).

■ Indiana Evidence Rule 803(8) provides the following exception to the exclusion of hearsay evidence:

Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Evid. R. 803(8). Rule 803(8), however, continues by excluding certain public records or reports from this exception:

The following are not within this exception to the hearsay rule: (a) investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case;

(b) investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; (c) factual findings offered by the government in criminal cases; and (d) factual findings resulting from special investigation of a particular complaint, case, or incident, except when offered by an accused in a criminal case.

*Id.*

Our supreme court analyzed the "factual findings offered by the government in criminal cases" exclusion in depth in *Ealy v. State*, 685 N.E.2d 1047 (Ind.1997), and crafted a three-step test for determining the admissibility of hearsay under that subpart. The *Ealy* test has since been extended to all of the exclusions listed in Rule 803(8). *Shepherd v. State*, 690 N.E.2d 318, 326 n. 2 (Ind.Ct.App.1997), *trans. denied; see also Bailey v. State*, 806 N.E.2d 329, 333–34 (Ind.Ct.App.2004) (applying *Ealy* test to determine what constitutes an "investigative report"), *trans. denied.* Nonetheless, without citation to authority, the State asserts that the Affidavit for Probable Cause "is not an 'investigative report' and therefore does not fall within the explicit exclusions of Evidence Rule 803(8)." Appellee's Br. p. 5. We cannot agree.

■ First, a court must determine whether the record or report contains findings that address a materially contested issue in the case. *Ealy*, 685 N.E.2d at 1054. If the inquiry in the first step is answered in the negative, the analysis ends there and the record or report is not rendered inadmissible on hearsay grounds. *Id.* Otherwise, the court must proceed to

2. Officer Adam, the officer who prepared the Affidavit for Probable Cause, appeared in court and was subject to cross-examination. Any knowledge she gained regarding the reckless homicide came from other officers, as recounted in the Affidavit for Probable Cause,

and therefore also constituted hearsay. *See* Evid. R. 801(c). The State makes no argument on appeal that Officer Adam's testimony established that Rhone used a firearm, not a vehicle, to commit reckless homicide.

the second step, which requires the court to determine if the record or report contains factual findings. *Id.* Factual findings are conclusions drawn by an investigator from the facts. *Id.* at 1051. If the record or report does contain factual findings, then the court must move on to step three and determine whether the report was prepared for advocacy purposes or in anticipation of litigation. *Id.* at 1054. If the report or record was prepared for advocacy purposes or in anticipation of litigation, then it is inadmissible hearsay. *Id.* Even if the trial court determines that the record or report clears this final hurdle, the record or report may be inadmissible if it is not relevant or if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Ind. Evidence Rules 402 and 403.

Applying the first step of the *Ealy* test to the facts of this case, we conclude that the Affidavit for Probable Cause relates to a materially contested issue before the trial court; namely, the Affidavit for Probable Cause was the pivotal piece of evidence establishing that Rhone's previous conviction for reckless homicide was committed by means other than a vehicle and therefore qualified as a serious violent felony. It is only illegal for Rhone to have possessed the firearms in his home if he is a serious violent felon. Thus without this evidence, there can be no conviction. Because the Affidavit for Probable Cause relates to a materially contested issue in the case, we must proceed to step two of the *Ealy* test.

Under the second part of the *Ealy* test, we must determine whether the Affidavit for Probable Cause contains factual findings, defined as conclusions drawn by an investigator from the facts, as opposed to "simple listings, or a simple recordation of numbers, and the like." *Ealy,* 685 N.E.2d at 1054. Officer Adam, the primary homicide investigator assigned to the case, prepared the Affidavit for Probable Cause, which stated she had good cause to believe that Rhone committed the crime of reckless homicide. Officer Adam selected and delineated certain facts to include in the Affidavit for Probable Cause to justify her warrantless arrest of Rhone for the crime of reckless homicide. Consequently, we find that the Affidavit for Probable Cause contains factual findings.

Moving then to the third step, we must determine whether the Affidavit for Probable Cause was prepared for advocacy purposes or in anticipation of litigation. We answer this third and final inquiry in the affirmative because the primary purposes of the Affidavit for Probable Cause are to set forth the facts upon which an arrest was made so that the court can determine the lawfulness of the arrest and to provide the State with the information needed to bring charges against the accused. *See, e.g., Baran v. State,* 639 N.E.2d 642, 649 (Ind.1994) (Debruler, J., concurring) (questioning the reliability of a probable cause affidavit—and thus its admissibility—because "an officer would have every reason to be quite selective when choosing what details to include, even exaggerating on occasion. The purpose of the document, after all, is to persuade a judicial officer at a hearing that an arrest was justified."). Hence, the Affidavit was prepared for advocacy purposes. Based on the foregoing analysis, we conclude that the Affidavit for Probable Cause constitutes inadmissible hearsay. Therefore, the trial court erred in admitting it into evidence. *See also Shepard v. United States,* —— U.S. —— at ——, 125 S.Ct. 1254 at 1257, —— L.Ed.2d —— at —— (2005) (holding that a trial court may not look to police reports or complaint applications of a prior plea to determine if the prior conviction may be used to enhance a sentence under the

Armed Career Criminal Act ("ACCA"),[3] but concluding that a trial court may examine the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented); *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (determining that a court may look to the indictment or information and the jury instructions of a prior conviction to determine if it can be used for enhancement purposes under the ACCA).[4]

■ Having found that the probable cause affidavit was inadmissible, we note that the State could have established that Rhone's previous conviction for reckless homicide qualified as a serious violent felony by calling an officer with personal knowledge that the previous conviction for reckless homicide was committed by means other than a vehicle or by offering into evidence the transcript from the guilty plea hearing, assuming it adequately set forth that Rhone committed reckless homicide by means other than a vehicle. This, however, the State did not do.[5] Because the State failed to present any admissible evidence to establish that Rhone's previous conviction for reckless homicide was committed by means other than a vehicle, his conviction for unlawful possession of a firearm by a serious violent felon cannot stand.

■ This conclusion leads us to the question of whether Rhone may be retried.

Where the evidence actually presented at trial is insufficient as a matter of law to sustain the conviction, the defendant may not be retried on those charges. *Carpenter v. State*, 786 N.E.2d 696, 705 (Ind. 2003). However, " 'if all the evidence, even that erroneously admitted, is sufficient to support the jury verdict, double jeopardy does not bar a retrial on the same charge.' " *Id.* (quoting *Stahl v. State*, 686 N.E.2d 89, 94 (Ind.1997)). The United States Supreme Court has explained why this is so:

> A reversal based solely on evidentiary insufficiency has fundamentally different implications, for double jeopardy purposes, than a reversal based on such ordinary "trial errors" as the "incorrect receipt or rejection of evidence." While the former is in effect a finding "that the government has failed to prove its case" against the defendant, the latter "implies nothing with respect to the guilt or innocence of the defendant," but is simply "a determination that [he] has been convicted through a judicial process which is defective in some fundamental respect."

*Lockhart v. Nelson*, 488 U.S. 33, 40, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (quoting *Burks v. United States*, 437 U.S. 1, 14–16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). Stated otherwise, had the trial court sustained Rhone's hearsay objections, then the State would have been put on notice that it needed to present other evidence in support of that particular element.

---

**3.** The Armed Career Criminal Act, 18 U.S.C. § 924(e), is the federal statute that serves as a vehicle for enhancing the sentence of a felon who has acquired three prior convictions for violent felonies or drug offenses.

**4.** The *Shepard* and *Taylor* holdings were reached on federal statutory grounds and apply to sentencing hearings. In this case, Rhone argued the Affidavit for Probable Cause was inadmissible on hearsay grounds, and we reach our decision on that basis.

**5.** In future cases, the charging information and the plea agreement, or the court's judgment of conviction may also show that the prior conviction is a qualifying serious violent felony.

There was evidence—albeit, inadmissible—to establish that Rhone's previous conviction for reckless homicide was committed by means other than a vehicle. Hence, the State is not barred from retrying Rhone. *See Jaramillo v. State,* 823 N.E.2d 1187, 1188–1190 n. 5 (Ind. 2005). Because we have determined that Rhone may be retried, for purposes of guidance we also address the instructional errors raised by Rhone.

## II. Jury Instructions

 Rhone alleges that the trial court committed instructional errors as well. Instructing the jury lies within the discretion of the trial court. *Massey v. State,* 803 N.E.2d 1133, 1137 (Ind.Ct.App. 2004). Jury instructions are to be considered as a whole and in reference to each other. *Id.* An error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case. *Id.* Before a defendant is entitled to a reversal, he must affirmatively show that the erroneous instruction prejudiced his substantial rights. *Id.*

Rhone's first allegation of error regarding the jury instructions is that the trial court should have instructed the jury that only reckless homicide *committed by means other than a vehicle* could support his conviction for unlawful possession of a firearm by a serious violent felon. The trial court's instruction regarding the elements of the crime in pertinent part provided:

> To convict the defendant, the State must have proved each of the following elements:
>
> That defendant Joseph Rhone,
>
> 1. knowingly or intentionally
> 2. possessed
> 3. a firearm, defined as any weapon capable o[sic] expelling, designed to

expel, or that may be readily converted to expel, a projectile by means of an explosion

> 4. *after Defendant had been convicted of and sentenced for Reckless Homicide, which the Court instructs you is an offense enumerated under I.C. 35–47–4–5.*

Appellant's App. p. 67 (emphasis supplied). In light of the language of Indiana Code § 35–47–4–5, which designates reckless homicide as a serious violent felony only if it is not committed by means of a vehicle, we agree that the jury instruction should have specified "reckless homicide not committed by means of a vehicle" instead of just "reckless homicide."

 Additionally, Rhone contends that the trial court erred by rejecting his tendered mens rea instruction. On the day of trial, Rhone tendered an instruction to the trial court, which stated:

> (1) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.
>
> (2) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.
>
> (3) Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct.

Appellant's Br. p. 13. The trial court instructed the jury regarding the definitions of intentionally and knowingly, but it did not include the third part of Rhone's tendered instruction.

Contrary to Rhone's contention, Indiana Code § 35–47–4–5(c) does not require proof that he knew he was a serious violent felon. Instead, the statute merely

requires that a person knowingly or intentionally possess a firearm after having been convicted of a serious violent felony. I.C. § 35–47–4–5(c); *see also, e.g., Causey,* 808 N.E.2d at 143. Essentially, then, Rhone is inviting this Court to impose a knowledge requirement. We decline this invitation. Because neither Indiana Code § 35–47–4–5 nor case law requires the State to prove that a person knew his status as a serious violent felon as an element of unlawful possession of a firearm by a serious violent felon, we find that the trial court did not err in refusing this instruction.

Reversed.

NAJAM, J., concurs.

KIRSCH, C.J., concurs in part and dissents in part with separate opinion.

KIRSCH, Chief, Judge, concurring in part and dissenting in part.

I fully concur with the majority's resolution of Issue II regarding the jury instructions, but I respectfully dissent from its holding that the probable cause affidavit and the testimony of Officer Adam constituted inadmissible hearsay evidence.

To constitute hearsay evidence, the evidence must be offered "to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Here, I do not believe the probable cause affidavit and the officer's testimony were offered to prove the truth of the matters therein; rather, I think that they were offered only to prove what was at issue in the 1994 reckless homicide proceeding. The conviction itself establishes the proof. Thus, as I see it, neither the probable cause affidavit, nor the officer's testimony, constitutes hearsay, and I would affirm the conviction.