**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.F., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1305-JV-247 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Scott Stowers, Magistrate
Cause No. 49D09-1301-JD-221

**January 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

J.F. was adjudicated a delinquent child for committing what would constitute class D felony theft if committed by an adult. J.F. now appeals and argues that the juvenile court committed fundamental error by displaying judicial bias in the State's favor.

We affirm.

On January 18, 2013, then fifteen-year-old J.F. and three other young men stole several pairs of jeans from a store in Indianapolis. As a result, the State filed a petition alleging that J.F. was a delinquent child for committing acts that would amount to class D felony theft if committed by an adult, and a fact-finding hearing was held on March 20, 2013. At the hearing, the State presented evidence from witnesses concerning the allegations against J.F., but initially neglected to present evidence of J.F.'s age on the date of the alleged offense. When the State rested, J.F. moved for involuntary dismissal on the basis that the State had failed to establish juvenile court jurisdiction by omitting evidence of J.F.'s age. Over J.F.'s objection, the juvenile court allowed the State to reopen its case and present evidence of J.F.'s age. At the conclusion of the hearing, the juvenile court entered a true finding. The juvenile court entered its dispositional order on April 25, 2013, and J.F. now appeals.

J.F. argues on appeal that the juvenile court committed fundamental error by displaying bias in favor of the State. In support of this argument, J.F. asserts that "[w]hen the State seemed unsure as to how to correct its failure to establish juvenile court jurisdiction before resting its case, the trial court made the suggestion that the State could move to reopen its case[,]" thereby "becoming an advocate for the State[.]" *Appellant's Brief* at 4. Because

2

J.F. did not object on this basis at the fact-finding hearing, J.F. must establish that the juvenile court committed fundamental error in order to prevail on appeal. The fundamental error rule is "extremely narrow" and applies "only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible." *Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008). This court has acknowledged that if a judge is biased, fundamental error exists. *Rosendaul v. State*, 864 N.E.2d 1110 (Ind. Ct. App. 2007), *trans. denied*.

A criminal defendant has a right to a fair trial before an impartial judge. *Harris v. State*, 963 N.E.2d 505 (Ind. 2012). "Merely asserting bias and prejudice does not make it so. The law presumes that a judge is unbiased and unprejudiced." *Massey v. State*, 803 N.E.2d 1133, 1138-39 (Ind. Ct. App. 2004). In order to rebut the presumption that a trial judge is impartial, "the defendant must establish from the judge's conduct actual bias or prejudice that places the defendant in jeopardy." *Id.* at 1139. An adverse ruling alone is insufficient to establish bias or prejudice; rather, bias and prejudice will be shown to exist "only where there is an undisputed claim or where the judge expressed an opinion of the controversy over which the judge was presiding." *Id.*

J.F. contends that the juvenile court judge in this case displayed actual bias and became an advocate for the State when it suggested to the State what course to take in order to remedy the State's allegedly fatal failure to present evidence of J.F.'s age. *See Beatty v. State*, 567 N.E.2d 1134 (Ind. 1991) (noting that a trial judge must remain impartial and

3

refrain from acting as an advocate for either party). In support of this argument, J.F. directs our attention to the following exchange that took place after the State rested and J.F. moved for involuntary dismissal:

> [Defense Counsel]: Judge, first I'm going to make a 41(b) motion. I don't believe that the State established jurisdiction. There was no proof of my client's age or date of birth. I don't think we had any preliminary stipulations to such. I don't think there was any testimony as to either.
>
> [The Court]: Response?
>
> [The State]: Judge, I believe that's correct.
>
> [The Court]: But what do you say (inaudible)?
>
> [The State]: Judge, the State would request at this time the Court take judicial notice of the Respondent's age and date of birth as it has been spoken at each pre-trial conference and at the initial hearing.
>
> [Defense Counsel]: And, and Judge, I'm going to object to that. The State has closed its case. The State, the State closed its case and I would object to taking a judicial notice of something after the fact.
>
> [The Court]: *They can't move to reopen the case?*
>
> [Defense Counsel]: I would object to any motion to reopen the case at this time.
>
> [The Court]: Are you suggesting this case belongs in criminal court?
>
> [Defense Counsel]: I'm not suggesting that, Judge. I'm suggesting it's the State's burden to show it belongs here.
>
> [The Court]: Any additional response?
>
> [The State]: Judge, the State would request that you allow us to reopen the case to establish that.

4

*Transcript* at 22-23 (emphasis supplied). The juvenile court went on to grant the State's motion to reopen its case, and the State called J.F.'s mother to the stand, who testified concerning J.F.'s age and date of birth.[1]

J.F.'s claim of bias is based solely on the trial court's question concerning whether the State could reopen its case, which J.F. characterizes as a suggestion to the State on how to proceed. We cannot agree with J.F.'s characterization in this regard. The juvenile court's question was directed at defense counsel in response to counsel's assertion that it would be improper for the juvenile court to take judicial notice of J.F.'s age after the State had rested. J.F. essentially asks us to impute an improper motive to the juvenile court and read into its question a veiled message to the State. To do so would be inconsistent with the presumption that a judge is unbiased and unprejudiced. J.F.'s claim falls far short of what is required to establish actual bias.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.

---

[1] J.F. makes no argument that the juvenile court abused its discretion in allowing the State to reopen its case. *See Saunders v. State*, 807 N.E.2d 122, 126 (Ind. Ct. App. 2004) (noting that "[a] party should generally be afforded the opportunity to reopen its case to submit evidence that could have been part of its case in chief").